# CIRCUIT COURT OF NORTHAMPTON COUNTY

Curtis H. Jones, Jr.

v.

Anne J. Holloway

February 6, 2007

Case No. CL06000089-00

BY JUDGE GLEN A. TYLER

In this cause in chancery for specific performance of a written real estate contract, the Court will decide on motion for summary judgment two issues. The first is a narrow issue regarding the first paragraph in the writing, whether the contract is on its face unenforceable by the plaintiff as to that paragraph for want of "mutuality"; in other words, whether there is absent from the writing a manifestation of mutual assent, making it incomplete. The second is a narrow issue regarding the second paragraph in the writing, whether the contract is on its face unenforceable by the plaintiff as to that paragraph for want of a bargain between these parties as promisor and promisee, again making it incomplete.

The contract, assuming it is a contract, describes in its first paragraph a transaction regarding the sale of a tract containing 110.3 acres. The second paragraph describes a wholly separate transaction regarding the sale of a tract containing 27 acres. The writing appears to be the handwriting of the plaintiff,[1] bears the signatures of the plaintiff the and defendant and, even though it is essential to examine the exhibit/photocopy of the actual handwriting, is set out here in full:

---

[1] Counsel for plaintiff asserted on brief and in oral argument that the writing is the handwriting of plaintiff, and counsel for the defendant did not dispute the assertion.

July 20, 2004

[page 1]

I, Anne Holloway, agree to sell my one-half interest in the approximately 110.3 Acres tract, said which lies East of the farm road starting at the Bayford Rd., Rt. 617, and leading into the farm. in a southerly direction, to my brother or his heirs for the amount of $371,155.*08*.

We further agree to sell the tract west of said road, consisting of approximately 27 acres, splitting the proceeds in equal portions.

Rabbit Island is excluded at this point in time

/s/ Curtis H Jones Jr
/s/ Anne J. Holloway
WITNESS
JMH

[page 2]

July 20, 2004

The computations are based on the appraisal of $922,000.*00* divided by 137 A

= $6,729.92/Ac

$6729.92 x 110.3 = 742310.17

divided by 2 = 371155.08

/s/ Anne Jones Holloway
/s/ Curtis H Jones Jr
WITNESS
/s/ JMH

The plaintiff's complaint alleges that he and the defendant, his sister, own as tenants-in-common a tract of 110.3 acres and a separate tract of 27 acres; that she agreed to sell to him her interest in the 110.3 acres for $371,155.08; that she agreed to sell her interest in the 27 acres along with him to a third-party purchaser at a price he would negotiate for them; that he negotiated, for their full fee simple interest, a purchase price of $505,000.00; that he and the third-party purchaser are ready, willing, and able; that she was notified of the intended closing date, and that she refused and continues to refuse to execute deeds and to convey her interests in the tracts. He prays for specific performance as to both transactions.

The defendant filed responsive pleadings, including her motion for summary judgment on the plaintiff's pleadings, which include as an exhibit a photocopy of the contract, on the grounds that the contract "is without mutuality as to both obligation and remedy . . ." speaking of the writing as a whole. Regarding summary judgment, no other issue is raised at this time by either party to this suit.

To resolve an issue on summary judgment, the Court must conclude that there are no material facts genuinely in dispute. Va. Sup. Ct. R. 3:20 (2006 Repl. Vol.). In this case on the issues raised, upon well-settled legal principles, the Court may examine only the complaint and its incorporated exhibit. In that regard, neither party has objected to the Court's resolving these narrow issues on summary judgment. The parties have briefed and argued the matter but, with one possible exception, have not cited to the Court any Virginia case on point; that is, a case in which the dispute involves a written contract for the sale of real estate alleged to be incomplete and unenforceable in equity for failure of mutual assent or the existence of a bargain between the parties.

We will initially decide the dispute over the enforceability of the first paragraph. The word "mutuality" has no definite meaning. The thought that both parties must be bound or neither is bound is in many contexts erroneous. The motion for summary judgment in this case does not raise an issue involving the elemental contract requirement of consideration. And if the requirement of consideration is met, there is no requirement of mutuality of obligation. Restatement (Second) of Contracts § 79 cmt. f. (1981).

This case is in the first instance about mutual assent. The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. Restatement (Second) of Contracts § 17 (1981). In the context here, manifestation of mutual assent to an exchange requires that each party make a promise. Restatement (Second) of Contracts § 18 (1981). The manifestation may be made by conduct. Restatement (Second) of Contracts § 19 (1981). The conduct may be by written words, such as by signing, having reason to know that the other party may infer assent from such signing.

Unless otherwise indicated by the language in the writing, or the circumstances, an offer invites acceptance in any manner and by any medium reasonable in the circumstances. Restatement (Second) of Contracts § 30 (1981). It must be kept in mind that one of the circumstances obvious from the face of the writing is that the plaintiff drafted the writing in his hand, but he was not making the offer, according to the words in the writing. The writing states, I, Anne Holloway, agree to sell . . . to my Brother. . . ." She is the

offeror. The words, "Anne Holloway," in the beginning of the paragraph are not the handwriting of the signature, "Anne Holloway," at the bottom of each of the two pages of the writing. Therefore, the real issue revolves around the form of acceptance by the plaintiff. Comment d to § 30 of the Restatement (Second) of Contracts explains that an interpretation of the offer is necessary in order to determine whether there is any limitation on the mode of acceptance. The meaning given the offer by the offeree controls if it is a meaning of which the offeror knew. They both signed the offer as one manifestation of assent.

Acceptance by plaintiff, the promisee, may be made in words or other symbols of assent. Restatement (Second) of Contracts § 50 (1981). The drafting of the offer by the offeree, the signature of the offeree, and the delivery of the writing to the offeror for her signature are such symbols, and acceptance may be implied from such conduct. She, the offeror, did not invite or require any particular form of acceptance by him, the offeree.

Assent to an offer may either be expressed in words or evidenced by circumstances from which assent may be inferred. 17A Am. Jur. 2d, *Contracts*, § 91. An offer that does not invite or require a particular form of acceptance may be accepted in any manner objectively reasonable under the circumstances. 17A Am. Jur. 2d, *Contracts*, § 92.

Specifically regarding the purchase and sale of real property, again, mutuality is a matter within the scope of the requirement of a consideration, not the requirement of assent which is the subject of the case at bar. The agreement of the purchaser to buy need not be in any express terms, but may be inferred from the contract as a whole. 77 Am. Jur. 2d, *Vendor and Purchaser*, § 31. The words "I . . . agree to sell . . . to my Brother . . . *for the amount of* . . ." (emphasis added) import an agreement by the purchaser to buy and to pay such amount therefor, where the writing is signed by the purchaser.

Virginia law is to the same effect. Where the purchase price is expressed, the contract does not have to state specifically in explicit detail that the offeree agrees to pay it. *Midkiff v. Glass,* 139 Va. 218 (1924).

It is clear from the writing, however unartfully drawn, that the first paragraph is a contract, a bargain in which there is a manifestation of mutual assent to the exchange of promises and a consideration enforceable in chancery. (Whether or not there is some other defense remains to be seen.)

Considering the dispute over the enforceability of the second paragraph, the real issue revolves around certainty. As previously stated, the formation of a contract requires a manifestation of mutual assent. The fact that one or more terms of a proposed bargain are left open or uncertain may show that a

manifestation of intention is not intended to be understood as an offer or an acceptance. Restatement (Second) of Contracts § 33(3) (1981). Furthermore, as between parties to this suit there is no bargain in the second paragraph, there is no agreement to exchange promises, there is no agreement to exchange performances, there are not even two parties who bargain. Restatement (Second) of Contracts §§ 3, 9, and 17 (1981).

Regarding vendor and purchaser of real property, the formation of a contract requires the essential elements of any contract. It must set forth the terms of the agreement with certainty, especially the identity of the purchaser, the price and consideration in order to be enforced in equity. 77 Am. Jur. 2d, *Vendor and Purchaser*, § 5. Uncertainty or incompleteness in a real estate contract renders the contract unenforceable by the equitable remedy of specific performance. 71 Am. Jur. 2d, *Specific Performance*, § 33.

It is clear from the writing that the second paragraph is not a contract, and there is nothing reasonably certain to enforce in chancery. There is a ready remedy in chancery for the resolution of that dispute, a suit for partition, and conveyance by allotment, or sale to a third party.

The motion for summary judgment will be denied as to the first paragraph in the writing and granted as to the second paragraph in the writing.